IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| STANLEY JOHN KIPPEN,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN PACK and ALLIED MATERIALS & EQUIPMENT CO.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT PACK'S MOTION TO QUASH, DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT, AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br><br>Case No. 1:10-CV-119 TS |

This matter is before the Court on Defendant Pack's Motion to Quash Service and Plaintiff's Motion for Default Judgment. For the reasons set forth below, the Court will deny Plaintiff's Motion for Default Judgment and grant Defendant's Motion to Quash.

I. BACKGROUND

Plaintiff filed the instant action against Defendant Steven Pack and Allied Material & Equipment on July 29, 2010. That same day he filed a Motion for Preliminary Injunction. He

1

also obtained a Summons from the Clerk of the Court which listed "Steven Pack of Allied Materials & Equipment" as Defendant. Plaintiff attempted to serve the Summons and Complaint on Defendant Pack by Certified Mail delivered to Defendant's place of business. Defendant Pack did not sign a document indicating receipt of the Summons. An employee of Defendant Pack's company, who was not authorized to accept service, signed a certificate indicating receipt of the Summons.

## II.  DISCUSSION

As Plaintiff is proceeding pro se, the Court will construe his pleadings and filings liberally.[1] However, "[a] pro se litigant is still obligated to follow the requirements of Fed.R.Civ.P. 4."[2]

Federal Rule of Civil Procedure 4(a) sets forth the necessary contents of a summons. Rule 4(e) provides how service on an individual may be accomplished. Defendant argues that the attempted service failed to meet the requirements of Rule 4(e) and was defective because it did not contain the information required under Rule 4(a).

A.     RULE 4(e)

Fed.R.Civ.P. 4(e)(1) provides that service may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." In Utah, service may be accomplished by mail

---

[1] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993).

2

or commercial courier service.³ However, in order to comply with Utah law on this point, either the defendant or the defendant's agent authorized by appointment or by law to receive service of process must sign a document indicating receipt.⁴

As set forth above, a receipt of service was signed by an employee of Defendant Pack's business who was not authorized to accept service on behalf of Defendant Pack. Therefore, Plaintiff has not complied with the requirements of Fed.R.Civ.P. 4(e) and the service will be quashed.

B.     RULE 4(a)

Defendant Pack also argues that the summons at issue did not comply with Rule 4(a). Rule 4(a)(1) provides that a summons must contain:

> (A) name the court and the parties;
> (B) be directed to the defendant;
> (C) state the name and address of the plaintiff's attorney or — if unrepresented — of the plaintiff;
> (D) state the time within which the defendant must appear and defend;
> (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;
> (F) be signed by the clerk; and
> (G) bear the court's seal.

Defendant argues that the summons incorrectly states that Defendant must answer within 21 days after service. Defendant's argument is incorrect. Under Fed.R.Civ.P. 12(a)(1)(A)(i) a defendant must serve an answer within 21 days after being served with the summons and

---

³*See* UtahR.Civ.P. 4(d)(2).

⁴*Id*. 4(d)(2)(A) and 4(d)(2)(B).

complaint. Therefore, the summons correctly stated the time within which the defendant must appear and defend.

Defendant also argues that, as the summons was only directed to Defendant Pack, it is defective if Plaintiff also intended to name Defendant Allied Materials. As counsel has only entered an appearance on behalf of Defendant Pack, the Court will not permit counsel to advance arguments on Allied's behalf. Plaintiff is counseled, however, that any future summons must comply with the requirements of Rule 4(a), specifically it must name the parties and be directed to the defendants.

C. MOTION FOR DEFAULT JUDGMENT AND MOTION FOR PRELIMINARY INJUNCTION

Because the Court finds that Plaintiff's service was improper, the Court will deny Plaintiff's Motion for Default Judgment. The Court will also deny, without prejudice, Plaintiff's Motion for Preliminary Injunction.

## III. CONCLUSION

It is therefore

ORDERED that Defendant Pack's Motion to Quash Service of Process (Docket No. 10) is GRANTED. It is further

ORDERED that Plaintiff's Motion for Default Judgment (Docket No. 7) is DENIED. It is further

ORDERED that Plaintiff's Motion for Preliminary Injunction (Docket No. 2) is DENIED WITHOUT PREJUDICE.

Plaintiff is directed to serve Defendants in compliance with Fed.R.Civ.P. 4 within fifteen (15) days of this Order.

DATED   September 29, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge