IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| STANLEY JOHN KIPPEN,<br><br>    Plaintiff,<br><br>vs.<br><br>STEVEN PACK, PRESIDENT OF ALLIED MATERIALS & EQUIPMENT CO., INC.,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br><br>Case No. 1:10-CV-119 TS |

This matter is before the Court on Plaintiff's Motion for Default Judgment. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

Plaintiff originally filed his Complaint in this matter on July 29, 2010.[1] That action was brought against Steven Pack and Allied Material & Equipment Company.[2] Plaintiff has since filed an Amended Complaint naming only Steven Pack as President of Allied Material &

---

[1]Docket No. 1.

[2]*Id*.

1

Equipment Company.³ However, the Amended Complaint identified Defendant as "a Missouri corporation doing business in the Utah Judicial District"⁴ as well as "a corporation incorporated under the laws of Missouri, with a principal place of business at 1400 Kansas Avenue, Kansas City, Missouri 64127."⁵

Allied Material & Equipment Company filed an Answer to the Amended Complaint on November 16, 2010.⁶ In response, Plaintiff filed a Motion for Default Judgment as to Steven Pack, noting that Mr. Pack had not responded to the Amended Complaint. In response, Allied Material & Equipment Company argue that, because of the ambiguity in Plaintiff's Amended Complaint, it is unclear who Plaintiff is suing. Plaintiff's reply makes clear that he intends to sue Steven Pack. Mr. Pack has now filed an Answer to the Amended Complaint⁷ and this matter is scheduled for an initial pretrial conference on February 9, 2011.⁸

## II. DISCUSSION

Rule 55(a) provides:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

---

³Docket No. 15.

⁴*Id.* at ¶ 1.

⁵*Id.* at ¶ 4.

⁶Docket No. 21.

⁷Docket No. 31.

⁸Docket No. 27.

In this matter, Defendant Pack has filed an Answer, but has not done so in a timely fashion. However, Allied Materials & Equipment Company did file a timely Answer. Because of the confusion as to who exactly Plaintiff was suing, the Court will not enter default. Even if default were to be entered, good cause would exist for it to be set aside.[9] Therefore, Plaintiff's Motion will be denied.

Plaintiff is cautioned to take care in the documents he files with the Court. Additionally, if Defendant was confused as to whom Plaintiff sought to sue, a motion for a more definite statement under Fed.R.Civ.P. 12(e) should have been filed. This would have helped to clear up any confusion early on and would have preserved the time and resources of both the Court and the parties.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Entry of Default (Docket No. 26) is DENIED.

DATED January 28, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[9] Fed.R.Civ.P. 55(c).