IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| STANLEY JOHN KIPPEN,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN PACK, PRESIDENT OF ALLIED MATERIALS & EQUIPMENT CO., INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO INTERVENE<br><br><br><br>Case No. 1:10-CV-119 TS |

This matter is before the Court on Plaintiff's Motion to Intervene. For the reasons discussed below, the Court will deny the Motion.

I. BACKGROUND

Plaintiff originally filed this action on July 29, 2010, against Steven Pack and Allied Materials and Equipment.[1] Plaintiff later filed an Amended Complaint, naming only Steven Pack.[2] Plaintiff's Amended Complaint brings a claim for patent infringement.[3] In his Prayer for

---

[1]Docket No. 1.

[2]Docket No. 15.

[3]*Id*. at 3.

Relief, Plaintiff requests, among other things, "[t]hat all materials be returned to the Plaintiff, such as tooling, molds, dyes, and art related to 'Patent # 5078639.'"[4]

Attached to Plaintiff's Amended Complaint is an Agreement entered into between Allied Materials and Equipment Company and Wingers Company, a Utah partnership consisting of Plaintiff and another individual. Under the Agreement, Wingers conveyed and delivered all of its right, title and interest in certain tooling, molds and artwork to Allied.[5] The exact tooling, molds, and artwork are described in "Exhibit A" of the Agreement, but Exhibit A has not been attached to the Complaint filed with the Court. Based on this, Plaintiff's alleged ownership of the tooling, molds, dyes, and artwork referenced in the Complaint is unclear.

## II. DISCUSSION

Plaintiff brings his Motion pursuant to Fed.R.Civ.P. 24. Rule 24(a) allows for intervention as a matter of right under certain circumstances, while Rule 24(b) allows for permissive intervention. Rule 24 is designed to allow third parties an opportunity to intervene in a particular action.[6] As Plaintiff is already a party to this action, his request to intervene is procedurally improper.

The substance of Plaintiff's Motion seems to be a request for a prejudgment writ of attachment. Fed.R.Civ.P. 64(a) states that the Court may grant a prejudgment writ of attachment under the law of the state where the Court is located.

---

[4]*Id*. at 4.

[5]*Id*., Ex. 2, ¶ 6.

[6]*See SEC v. Ross*, 504 F.3d 1130, 1150 (9th Cir. 2007) ("Rule 24 permits a third party to enter the proceedings in order to protect his own interests.")

Utah Rule of Civil Procedure 64A requires that Plaintiff establish the grounds for a prejudgment writ and that he show the following: (1) that the property to be attached is not earnings and not exempt from execution; (2) that the writ is not sought to hinder, delay or defraud a creditor of the Defendant; and (3) a substantial likelihood that Plaintiff will prevail on the merits of the underlying claim.[7] Plaintiff must also show at least one of the following: (1) that Defendant is avoiding service of process; (2) that Defendant has assigned, disposed of or concealed, or is about to assign, dispose of or conceal, the property with intent to defraud creditors; (3) that Defendant has left or is about to leave the state with intent to defraud creditors; (4) that Defendant has fraudulently incurred the obligation that is the subject of the action; (5) that the property will materially decline in value; (6) that Defendant has an ownership or special interest in the property; or (7) probable cause of losing the remedy unless the Court issues the writ.[8]

Utah Rule of Civil Procedure 64C sets forth additional, specific, requirements for a writ of attachment. In order for a writ to issue: (1) the property to be attached must be in the possession or under the control of Defendant, (2) Defendant must be indebted to Plaintiff, (3) the action must be upon a contract or against an out-of-state Defendant who is not a resident or corporation qualified to do business in the state, or the writ must be authorized by statute, and (4) payment of the claim must not have been secured by a lien on the property in the state.

---

[7] UtahR.Civ.P. 64A(c).

[8] *Id.*

Plaintiff has not attempted to make a showing that a prejudgment writ of attachment is warranted here and the Court is unable to conclude that Plaintiff is entitled to the writ upon the record before it. Therefore, the Court will deny Plaintiff's Motion.

### III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Intervene (Docket No. 36) is DENIED.

DATED   March 21, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge