IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| STANLEY JOHN KIPPEN,<br><br>  Plaintiff,<br><br>vs.<br><br>STEVEN PACK, PRESIDENT OF ALLIED MATERIALS & EQUIPMENT CO., INC.,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS<br><br>Case No. 1:10-CV-119 TS |

This matter is before the Court on Plaintiff's Motion for Sanctions. For the reasons discussed below, the Court will deny the Motion for Sanctions.

I. BACKGROUND

Pursuant to the Scheduling Order entered in this case, the parties were required to exchange their initial disclosures required by Fed.R.Civ.P. 26(a)(1) no later February 28, 2011. Plaintiff, proceeding pro se, timely provided his initial disclosures. Defendant did not. Rather, Defendant provided his initial disclosures on March 10, 2011, after Plaintiff notified the Court of

Defendant's failure.[1] Counsel for Defendant initially indicated to the Court that he notified Plaintiff in advance of the February 28, 2011 deadline that he would be unable to meet the deadline and would need a few additional days to provide the initial disclosures.[2] Plaintiff disputed this characterization and counsel for Defendant has now admitted that no such advance notice given to Plaintiff. Rather, counsel for Defendant now admits that he did not inform Plaintiff until March 3, 2011—after the deadline for initial disclosures had passed—that he would be unable to meet the deadline put in place by the Court.[3]

Plaintiff moves for sanctions because of Defendant's delay in providing the required initial disclosures.

## II. DISCUSSION

Fed.R.Civ.P. 16(f)(1)(c) provides that a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."[4] Rule 37(b)(2)(A) provides for certain sanctions when a party does not obey a discovery order, including:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or

---

[1] Docket No. 37.

[2] Docket No. 44.

[3] Docket No. 46.

[4] Fed.R.Civ.P. 16(f)(1)(c).

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[5]

When determining the proper sanction the Court is to consider a number of factors, including: (1) the degree of actual prejudice to the plaintiff; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[6]

Considering these factors, the Court finds that sanctions are not warranted at this time. First, the Court notes that Plaintiff has identified no prejudice as a result of Defendant's late disclosures and it is unlikely that any such prejudice exists. The Court recognizes Plaintiff's frustration due to counsel's failures, but such frustration does not warrant sanctions at this time. Second, the Court finds a minimal amount of interference with the judicial process. As stated, Defendant's initial disclosures were ultimately provided to Plaintiff and there is no indication that the late disclosure has interfered with the prosecution of this matter. Third, the Court finds that Defendant is highly culpable. Defendant has admitted he made untimely disclosures, but has provided no reason why the disclosures were untimely or why a modification of the Scheduling Order was not sought. The Court is also concerned with the inaccurate statements made by counsel in the Memorandum in Opposition that were only later corrected after Plaintiff pointed out the inaccuracy. Fourth, the Court has not previously warned Defendant of the possibility of

---

[5]Fed.R.Civ.P. 37(b)(2)(A)(ii)-(vii).

[6]*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

sanctions, but will now caution that future violations may result in sanctions, including terminating sanctions. Finally, the Court finds that sanctions are unnecessary at this time to effectuate compliance with this Court's discovery orders.

III. CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Sanctions (Docket No. 43) is DENIED.

DATED   May 12, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge