IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| STANLEY JOHN KIPPEN,<br><br>　Plaintiff,<br><br><br><br>vs.<br><br><br><br>STEVEN PACK, PRESIDENT OF ALLIED MATERIALS & EQUIPMENT CO., INC.,<br><br>　Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO JOIN<br><br><br><br><br><br>Case No. 1:10-CV-119 TS |

This matter is before the Court on two Motions to Join filed by Defendant Steven Pack. Defendant Pack requests that the Court order the joinder of two parties: Allied Materials & Equipment Company, Inc. ("Allied") and Wingers Company ("Wingers"). For the reasons discussed below, the Court will grant both Motions.

I.  BACKGROUND

Plaintiff Stanley Kippen, proceeding pro se, filed this action against Defendant Pack on July 29, 2010. Plaintiff filed an Amended Complaint on October 12, 2010. Plaintiff's Amended Complaint states a claim for patent infringement against Defendant Pack.

1

The Amended Complaint brings only a single claim for infringement, however, the Amended Complaint discusses a contract that was entered into between Allied and Wingers, a Utah partnership consisting of Mr. Kippen and another individual. Though the Amended Complaint does not explicitly set out a claim for a breach of that agreement, there are allegations that would support such a claim. It appears that Plaintiff is alleging that Defendant has infringed his patent as a result of a breach of the contract between Allied and Wingers. Defendant Pack now seeks to join both of these parties.

## II. DISCUSSION

Defendant Pack seeks joinder of Allied and Wingers under Federal Rule of Civil Procedure 19. The Court applies a three-step process in considering the necessity and/or indispensability of an absent party.[1] "First, the court must determine whether the absent person is 'necessary.'"[2] "If the absent person is necessary, the court must then determine whether joinder is 'feasible.'"[3] "Finally, if joinder is not feasible, the court must decide whether the absent person is 'indispensable,' *i.e.*, whether in 'equity and good conscience' the action can continue in his absence."[4] The Court finds that Allied and Wingers are both necessary and that their joinder is feasible.

---

[1] *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001).

[2] *Id.*

[3] *Id.*

[4] *Id.*

Rule 19(a)(1) states that an absent party is necessary to an action if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or
(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
(i) as a practical matter impair or impede the person's ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

In this case, the Court finds both Allied and Wingers to be necessary parties because the Court cannot accord complete relief among the existing parties in their absence and disposing of this action in their absence may impair or impede the ability of Allied and Wingers to protect their interests. As stated, though Plaintiff only brings a single claim of patent infringement, the allegations in the Amended Complaint concern an alleged breach of a contract entered into by Allied and Wingers. As Allied and Wingers are the parties to the contract that is the subject of the allegations in the Amended Complaint, the Court finds them to be necessary parties.[5]

The Court next considers whether joinder of Allied and Wingers is feasible. Joinder of a necessary party is feasible if the party is "subject to service of process" and their "joinder will not deprive the court of subject-matter jurisdiction."[6] Both Allied and Wingers are subject to service of process and their joinder will not deprive the court of either diversity or federal question

---

[5] *See, e.g., Ryan v. Volpone Stamp Co.*, 107 F. Supp. 2d 369, 387 (S.D.N.Y. 2000) ("It is well-established that a party to a contract which is the subject of the litigation is considered a necessary party.").

[6] Fed.R.Civ.P. 19(a)(1).

3

jurisdiction. Therefore, the joinder of Allied and Wingers is feasible and the Court need not reach the indispensability issue.

Plaintiff opposes the Motions to Join. Plaintiff argues that "[t]his action is a Patent Infringement suit, not a contract matter"[7] and that Defendant Pack alone is responsible for the alleged infringement. Plaintiff is correct that his Amended Complaint only brings a claim for patent infringement. However, as stated, the contract entered into by Allied and Wingers is central to the allegations in the Amended Complaint. Therefore, the Court is unable to resolve this matter without their participation.

### III. CONCLUSION

It is therefore

ORDERED that Defendant's Motions to Join (Docket Nos. 61 and 71) are GRANTED.

DATED   November 15, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[7]Docket No. 73.