IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| STANLEY JOHN KIPPEN,<br><br>    Plaintiff,<br><br><br><br>      vs.<br><br><br>STEVEN PACK, PRESIDENT OF ALLIED<br>MATERIALS & EQUIPMENT CO., INC.,<br><br>    Defendant. | MEMORANDUM DECISION AND<br>ORDER DENYING PLAINTIFF'S<br>MOTION TO REOPEN CASE<br><br><br><br>Case No. 1:10-CV-119 TS |

This matter is before the Court for consideration of a number of filings by Plaintiff Stanley John Kippen, including his most recent Motion to Reopen Case. For the reasons discussed below, the Court will deny Plaintiff's Motion and warn Plaintiff that continued filings may result in sanctions and/or filing restrictions.

## I.  BACKGROUND

The relevant facts of this case have been set out previously and need not be repeated.[1] Plaintiff previously requested the Court reopen his case,[2] but that request was rejected by the Court.[3]  Since the Court denied Plaintiff's prior request to reopen, the Court has received two objections to that order,[4] a response to correspondence from the Clerk of the Court to Plaintiff regarding this case,[5] and a reply to Defendant's response to the above-listed filings.[6]  All of these documents request the same relief: that this case be reopened.

In addition to his filings here, Plaintiff has sought a rehearing of his appeal before the United States Court of Appeals for the Federal Circuit and has also asked that court to compel this Court to reopen his case.  Both requests were denied.[7]

Now, despite being informed by this Court, the Clerk of Court, and the United States Court of Appeals for the Federal Circuit that his case will not be reopened, Plaintiff has filed a new Motion to Reopen.

---

[1] *See* Docket No. 122.

[2] Docket No. 119.

[3] Docket No. 122.

[4] Docket Nos. 123, 127.

[5] Docket No. 124.

[6] Docket No. 126.

[7] Docket No. 131, Exs. A-B; *see also* Docket No. 128.

## II.  DISCUSSION

For substantially the same reasons previously stated, the Court must deny Plaintiff's Motion to Reopen.  Plaintiff's Motion, like his previous filings, rests upon the false premise that this case was ordered reopened by the Federal Circuit.  As has been explained, it was not. Plaintiff further argues that he has additional claims that he seeks to litigate against Defendant, but this is not the forum for those claims.  This case is at an end.

Defendant seeks sanctions against Plaintiff for violations of Rule 11 of the Federal Rules of Civil Procedure.  Rule 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.[8]

Pro se parties, like Mr. Kippen, are subject to the requirements of Rule 11.[9]

---

[8]Fed. R. Civ. P. 11(b).

[9]*Poll v. Paulson*, No. 1:06-CV-144 TC, 2008 WL 118076, at *4 (D. Utah Jan. 8, 2008) ("Parties who file lawsuits on a pro se basis are not absolved from the requirements of Rule 11 and are treated the same for purposes of this rule as if they were attorneys.").  Plaintiff's reliance on 28 U.S.C. § 1927 is unavailing.

Pursuant to Fed. R. Civ. P. 11(c)(2):

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.  If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.[10]

Defendant's request for sanctions does not comply with these requirements and, thus, must be denied.

The Court may, on its own initiative, order a "party to show cause why conduct specifically described in the order has not violated Rule 11(b)."[11]  The Court declines to do so here, but the Court puts Plaintiff on notice that future filings of this nature may result in Rule 11 sanctions and/or restrictions on his ability to file documents in this Court.[12]

## III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Reopen Case (Docket No. 129) is DENIED.

---

[10]Fed. R. Civ. P. 11(c)(2).

[11]Fed. R. Civ. P. 11(c)(3).

[12]*See Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) ("Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances.").

DATED   March 8, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge